**SIGNED THIS: July 20, 2016**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | Case No. 15-90708 |
| KEVIN G. NOGGLE and | ) | |
| MICHELLE L. NOGGLE, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |

# O P I N I O N

Before the Court is the Amended Motion for Leave to File a Late Proof of Claim filed by Illini FS, a division of GROWMARK, Inc. ("Illini FS") and the objection of the Chapter 7 Trustee to the motion. Also before the Court is the Trustee's objection to the claim actually filed by Illini FS while its Amended Motion was pending. For the reasons set forth herein, Illini FS's Amended Motion will be

denied and the Trustee's objection to its claim will be sustained in part.

## I. Factual and Procedural Background

Kevin and Michelle Noggle ("Debtors") filed their voluntary petition under Chapter 7 on June 30, 2015. On their schedules, the Debtors disclosed that they owed $178,574.48 to Illini FS and that their obligation was secured by equipment valued at approximately $29,200. Illini FS received timely notice of the case filing. In September 2015, counsel for Illini FS entered an appearance and began receiving electronic notice of all filings in the case.

Kristin Wilson was appointed Chapter 7 Trustee ("Trustee") and continues to serve in that capacity. After determining that assets were available for administration, the Trustee requested that a deadline be set for the filing of claims. On September 23, 2015, an order was entered setting the last day to file proofs of claim as December 24, 2015. The order stated that "creditors must file a claim to share in any distribution from the estate" and that claims must be filed on or before the deadline set forth in the order. Illini FS received a copy of the order by mail; its attorney received electronic notice of the order. Illini FS failed to file a proof of claim by the deadline.

On March 16, 2016, Illini FS filed its Amended Motion for Leave to File a Late Proof of Claim ("Amended Motion"). In the Amended Motion, Illini FS asserted that it took multiple actions in the case putting the Trustee, the Debtors, and other creditors on notice of its claim. Specifically, it alleged that the three motions for stay relief which it filed in October 2015, November 2015, and February 2016 contained details about the Debtors' obligations to it, made reference to all

relevant documents, and were served on all parties of record. Illini FS argued that the motions for stay relief collectively constituted an informal proof of claim that could provide a basis for the allowance of a tardy formal proof of claim.

At the initial hearing on the Amended Motion, the Trustee appeared, stated that she had always been aware of Illini FS's potential claim, and indicated that she did not intend to object to the relief requested. The Court, however, questioned whether there was any basis to deem a document timely-filed when that document had not yet been filed. Further, the Court noted that leave was not required for Illini FS to file whatever claim or other document it wanted to file. The hearing was continued so that Illini FS could actually file the formal proof of claim that it wanted the Trustee and the Court to consider.

On April 15, 2016, Illini FS filed its proof of claim in the amount of $183,911.73. Illini FS asserted on the claim form that $32,270 of the claim was secured and the balance of $151,641.73 was unsecured. Supporting documents including a note, a security agreement, and UCC financing statements were attached to the claim form.

The Trustee filed an objection to Illini FS's claim and an objection to the Amended Motion on June 14, 2016, the day before the continued hearing. The Trustee asserted that relevant case law supported her position that the claim should be disallowed in its entirety. At the hearing the next day, the attorney for Illini FS expressed surprise at the Trustee's change in position but stated that he was prepared to proceed. Both parties presented argument on the issues. The matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). The matters here arise from the Debtor's bankruptcy itself and from the provisions of the Bankruptcy Code, and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall,* 564 U.S. 462, 499 (2011).

## III. Legal Analysis

A creditor must file a proof of claim in order to share in any distribution of estate assets. Fed. R. Bankr. P. 3002(a); *In re Pajian,* 785 F.3d 1161, 1164 (7th Cir. 2015) (Rule 3002(c) deadline applies to all creditors notwithstanding Rule's reference only to unsecured creditors). Generally, the deadline for filing claims in Chapter 7 cases is 90 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 3002(c). In many Chapter 7 cases, however, a notice of insufficient assets is initially provided to creditors and a deadline to file claims is later set only if the case trustee discovers assets for administration. Fed. R. Bankr. P. 3002(c)(5). When a proof of claim is filed after the bar date, it should be disallowed. 11 U.S.C. §502(b)(9). In a Chapter 7 case, an untimely-filed claim is subordinated to timely-filed claims and will be paid only after all timely claims have been paid in full. 11 U.S.C. §726(a)(3).

Although courts generally have discretion to extend deadlines set by the Bankruptcy Rules, no authority exists to extend the deadlines of Rule 3002 except as is expressly set forth in that Rule. Fed. R. Bankr. P. 9006(b)(1), (3). The

provisions of Rule 3002 that allow the extension of deadlines set for the filing of proofs of claim are limited and not applicable to the facts here. Fed. R. Bankr. P. 3002(c)(1)-(6). The rules governing the setting of deadlines for the filing of proofs of claim have correctly been characterized as creating a strict statute of limitations. *In re Brooks*, 370 B.R. 194, 197 (Bankr. C.D. Ill. 2007) (citations omitted).

Illini FS does not dispute that it missed the deadline to file a proof of claim and it does not argue that there is any basis to extend the deadline. Rather, it relies on the informal proof of claim doctrine, arguing that the three motions for stay relief that it filed collectively constituted a timely-filed informal proof of claim which can now be supplemented.

The informal proof of claim doctrine "is an equitable doctrine developed by the courts to ameliorate the strict enforcement of the claims bar date." *In re Wigoda*, 234 B.R. 413, 415 (Bankr. N.D. Ill. 1999). The doctrine allows "a court to declare that a creditor who failed to file a timely proof of claim will nevertheless be treated as if it had done so[.]" *Brooks*, 370 B.R. at 200. Generally, in considering whether to allow an informal proof of claim, a court must find that the informal proof of claim was in writing; the writing contained a demand by the creditor on the debtor's estate; the writing expressed an intent to hold the estate liable; the writing was filed with the court; and it would be equitable to allow the claim. *Id.* A number of courts have considered whether to allow an informal proof of claim but reported decisions on the issue are inconsistent both as to the legal standard to be applied to the analysis and as to the proper outcome of cases based on similar facts. *See In re Fink*, 366 B.R. 870, 873-75 (Bankr. N.D. Ind.

2007) (collecting cases).

The Seventh Circuit has generally taken a strict approach to the enforcement of claims bar dates and has held unequivocally that bankruptcy courts do not have the equitable authority to allow late-filed proofs of claim except as expressly provided by Rule 3002(c). *Matter of Greenig*, 152 F.3d 631, 635 (7th Cir. 1998). A late-filed proof of claim cannot be allowed even when a plan of reorganization specifically proposing to pay the claim has been confirmed; the order confirming the plan and directing payment of the claim is not a substitute for the requisite timely-filed proof of claim. *Id.*

Although the Seventh Circuit has not expressly rejected the informal proof of claim doctrine, it has not looked favorably on requests to approve such claims. In *In re Outboard Marine Corp.*, 386 F.3d 824 (7th Cir. 2004), a proof of claim faxed to the trustee's attorney but not filed with the court or the court-appointed claims agent was found to be inadequate to constitute an informal proof of claim. *Id.* at 828-29. In *Matter of DeVries Grain & Fertilizer, Inc.*, 12 F.3d 101 (7th Cir. 1993), a request to allow an administrative expense claim filed while the case was pending as a Chapter 11, was found to be insufficient to constitute an informal proof of claim after the case converted to Chapter 7 and the creditor failed to timely file an actual claim. *Id.* at 104. *DeVries* is particularly instructive as to the Seventh Circuit's strict stance on the issue. It is hard to think of any document that could be filed in a bankruptcy case that would more closely resemble a formal proof of claim without actually being a formal proof of claim than a request for the allowance of administrative expenses.

Bankruptcy courts within the Seventh Circuit have also narrowly construed

the informal proof of claim doctrine. In *Fink,* the court held that a Chapter 7 debtor's ex-wife could not be excused from timely filing a formal proof of claim notwithstanding her filing of a motion for relief from stay and an adversary complaint to determine dischargeability of the debt owed to her. *Fink*, 366 B.R. at 878-79. The court found that "an informal proof of claim is a defective claim" and must be supported by "an effort to assert a claim against the bankruptcy estate which, usually for technical reasons, fails to fulfill the required formalities." *Id.* at 876. An informal proof of claim "should not be found in a masquerade in which some other type of relief is sought and then subsequently unmasked to reveal what is argued to have been a proof of claim all along." *Id.*

Similarly, in *Brooks,* the court held that a bank's motion for relief from stay was never intended to be a proof of claim and could not be construed as an informal proof of claim. *Brooks,* 370 B.R. at 204. Relying on *Greenig,* the court found that the "informal proof of claim doctrine is largely a dead letter in the Seventh Circuit[.]" *Id.* Because many pleadings, motions and other documents filed by creditors in bankruptcy cases identify the creditor as holding a claim for which payment is sought, routinely allowing such documents to be treated as informal proofs of claim would "emasculate the claim filing requirement and the accompanying bar date." *Id.* at 202. Relying on *Fink,* the court found that the informal proof of claim doctrine must be "limited to situations where a document is filed within the bar date, that is intended to be a proof of claim but is somehow defective or incomplete, and is then permitted to be corrected or completed after the bar date." *Id.* at 204.

Illini FS asserts that its three motions for stay relief are sufficient when

considered collectively to constitute an informal proof of claim that can properly be supplemented by the formal claim that it filed after the bar date had run.[1] Illini FS's first motion for relief from stay was filed October 8, 2015, and sought relief from the stay to recover and liquidate certain vehicles and equipment listed in the motion. Although the first motion provided details of the debt secured by the vehicles and equipment, nothing in the motion suggests that it was intended to be a proof of claim.

The second motion for relief from stay, filed by Illini FS on November 9, 2015, related to crops and crop proceeds in which Illini FS claimed a secured interest. Stay relief was sought to allow Illini FS to settle a dispute with the Debtors and First Farmers Bank & Trust ("First Farmers") about their respective interests in the crops and proceeds. Illini FS withdrew its second motion for relief from stay on December 11, 2015, and in doing so, conceded that First Farmers had a superior interest in the crops and proceeds. Nothing in the second motion filed by Illini FS suggests that it was intended to constitute a proof of claim.

Illini FS's third motion for relief from stay was filed February 8, 2016, and related to a 4-wheeler that the Trustee had taken possession of, believing it was a titled vehicle, but had subsequently discovered was untitled and subject to Illini FS's security interest. As with the two prior motions, the third motion contains

---

[1] Illini FS also argued in its Amended Motion that the Debtors' schedules could be considered part of its informal proof of claim. No authority was cited for that proposition. Creditors in Chapter 9 and Chapter 11 cases may rely on a debtor's schedules and are not required to file a claim unless they are scheduled as disputed, contingent, or unliquidated. Fed. R. Bankr. P. 3003(b)(1). But creditors in Chapter 7 cases must file claims to share in any estate distribution and cannot simply rely on the schedules. Fed. R. Bankr. P. 3002(a).

nothing that would suggest it was intended to be a proof of claim. And, in any event, the third motion was filed after the claims bar date had run, undercutting any argument that it could be considered a timely-filed informal proof of claim.

The three motions for stay relief filed by Illini FS sought relief only as to the specific collateral described in each motion. None of the motions made a demand on the estate for the payment of Illini FS's claim. There is no fair reading of any of the stay relief motions that would support a finding that the motions were intended to be proofs of claim. This Court finds the reasoning of *Fink* and *Brooks* to be persuasive. The motions for stay relief filed by Illini FS did not constitute an informal proof of claim and Illini FS's motion seeking leave to file a late proof of claim must be denied.

The Trustee's objection to the actual late-filed claim of Illini FS must be sustained in part for the same reasons. The late-filed claim will be disallowed. The unsecured portion of the tardily-filed claim, however, will be allowed as a subordinated claim to be paid only in accordance with the provisions of §726(a)(3). 11 U.S.C. §726(a)(3).

### IV. Conclusion

The rules governing the filing of proofs of claim must be strictly enforced to bring certainty and finality to the administration of bankruptcy estates. Although the result here is unfortunate, no relief is available to mitigate Illini FS's failure to timely file a proof of claim. Its late-filed proof of claim cannot be allowed as timely. Its motion seeking to have its tardy claim deemed timely must be denied. The Trustee's objection to the claim must also be sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###